UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOY FLEMING,

      Plaintiff,

v.

      Civil Case No. 15-13898
      Honorable Linda V. Parker

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

      Defendant.
_____/

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

Plaintiff initiated this lawsuit in a Michigan state court, seeking personal insurance protection benefits for pain management treatment allegedly necessitated by a February 2009 motor vehicle accident. At Plaintiff's deposition-- which occurred only after Defendant filed a motion to compel and the state court ordered Plaintiff to appear for her deposition within fourteen days (ECF No. 19, Exs. D, E)-- Plaintiff indicated that she also was seeking attendant care benefits for eight hours of care per day at hourly rates ranging from $12-$22 per hour from May 30, 2014 forward. Based on Plaintiff's deposition testimony, which reflected that more than $75,000 was at stake in this controversy, Defendant removed Plaintiff's Complaint to federal court asserting diversity jurisdiction on November 4, 2015.

Since that time, Defendant has sought discovery with respect to Plaintiff's purported claim for attendant care benefits, specifically supporting documents that Plaintiff testified during her deposition existed and were in her possession recently or sent to her attorney. For example, Defendant served Requests for Production and Interrogatories on Plaintiff On November 13, 2015.[1] (ECF No. 19, Ex. G.) The December 14, 2015 deadline for Plaintiff's responses passed without Plaintiff producing the requested documents or answering the interrogatories, thereby necessitating Defendant's filing of a motion to compel on January 5, 2016. (ECF No. 16.)

This Court referred Defendant's motion to compel to Magistrate Judge David R. Grand who conducted a telephonic hearing and granted the motion on January 8, 2016. (ECF No. 18.) In the order, Magistrate Judge Grand states: "Counsel agreed that the documents and information [Defendant] requested from [P]laintiff … should have been produced, and must be produced for State Farm to be able to effectively defend itself in this action." (*Id.*) Magistrate Judge Grand ordered Plaintiff to produce the requested documents by January 15, 2016. (*Id.*) Magistrate Judge Grand expressly warns Plaintiff that her "failure to strictly

---

[1] Before the lawsuit was removed to federal court and before Plaintiff's deposition, Defendant requested signed authorizations releasing Plaintiff's medical records. Defendant was forced to file a motion to compel in order to obtain those authorizations. (ECF No. 19, Ex. D.)

2

comply with [the] Order may result in the imposition of a sanction, including dismissal of all or a portion of her claims in this action." (*Id.*)

On January 13, 2016, Plaintiff purportedly answered Defendant's requests, asserting that she could not locate any of the requested documents. (ECF No. 19, Ex. K.) This precipitated Defendant's filing of a motion on January 22, 2016, seeking dismissal of this lawsuit as a sanction pursuant to Federal Rule of Civil Procedure 37 or for failure to prosecute under Federal Rule of Civil Procedure 41(b). (ECF No. 19.) Defendant's motion to dismiss has been fully briefed. (ECF Nos. 21, 22.)

In the meantime, this Court referred this matter to Magistrate Judge Grand for a settlement conference. (ECF No. 11.) Magistrate Judge Grand scheduled a settlement conference for August 18, 2016, and issued a notice informing the parties that "client(s)/client representative(s) with full settlement authority must attend the settlement conference in person." (ECF No. 23, capitalization and emphasis removed.) Plaintiff's counsel appeared at the August 18 settlement conference, but Plaintiff did not. (*See* ECF No. 27 at Pg ID 350-51.) Plaintiff's counsel informed Magistrate Judge Grand that he had been unable to reach his client, "despite his best efforts to do so." (*Id.* at Pg ID 351.) According to Plaintiff's counsel, he had sent mail to his client, including the notice of the settlement conference, which had not been returned to his office. (*Id.*)

Due to Plaintiff's failure to appear at the settlement conference, despite being directed to do so, Magistrate Judge Grand issued an order on August 18, 2016, requiring Plaintiff to show cause in writing, on or before August 31, 2016, as to "why [the magistrate judge] should not recommend that her action be dismissed with prejudice for failing to prosecute." (*Id*.)  Magistrate Judge Grand warns Plaintiff: "Failure to timely and adequately respond in writing to this Order to Show Cause will result in a recommendation that [Plaintiff]'s action be dismissed with prejudice under Fed. R. Civ. P. 41(b)." (*Id*.)  Plaintiff has not responded to the show cause order.

A federal court may sua sponte dismiss a claim for failure to prosecute or comply with an order.  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-32 (1962); *Steward v. City of Jackson*, 8 F. App'x 294, 296 (6th Cir. 2001).  Indeed, the "authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."  *Link*, 370 U.S. at 629.  "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."  *Link*, 370 U.S. at 629-630.  "[D]istrict courts possess broad discretion to sanction parties for failing to comply with procedural requirements."  *Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, and GMC Trucks, Inc.*, 173 F.3d 988, 991 (6th Cir. 1999) (citing *Carver v. Bunch*, 946 F.2d 451, 453 (6th Cir.

1991)).  Rule 41(b) also permits a defendant to move for dismissal "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order[.]"  Fed. R. Civ. P. 41(b).

The Sixth Circuit has identified four factors for a court to consider in deciding whether to dismiss a case for failure to prosecute:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (citing *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)).  "The first factor . . . requires 'a clear record of delay or contumacious conduct.' "  *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) (quoting *Freeland v. Amigo*, 103 F.3d 1271, 1277 (6th Cir. 1997)).  Contumacious conduct is "behavior that is 'perverse in resisting authority' and 'stubbornly disobedient.' "  *Id*. at 704-05 (quoting *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008)) (additional quotation marks and citation omitted).  "The plaintiff's conduct must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [her] conduct on those proceedings."  *Id*. at 705 (additional quotation marks and citation omitted).

The Court finds that Plaintiff repeatedly has engaged in conduct intended to thwart these proceedings or in reckless disregard of the effect on these proceedings. As outlined above, this conduct began in state court and has continued in these federal court proceedings, including Plaintiff's failure to timely respond to Defendant's discovery requests and appear at the settlement conference. As Plaintiff's counsel acknowledged before Magistrate Judge Grand, Plaintiff has failed to produce documents that "should have been produced" and which "must be produced for [Defendant] to be able to effectively defend itself in this action." (*See* ECF No. 18.). A party suffers prejudice when it is "unable to secure the information requested" and is "required to waste time, money, and effort in pursuit of cooperation which [the opposing party] was legally obligated to provide." *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997). Thus, the Court finds that the first and second factors weigh in favor of dismissal.

Based on the number of warnings given to Plaintiff, the third factor also clearly weighs in favor of dismissal. (ECF Nos. 18, 27.) Finally, given Plaintiff's failure to respond to Magistrate Judge Grand's show cause order, the Court sees no utility in considering or imposing lesser sanctions.

In short, taken together, the relevant factors support dismissal of this lawsuit for failure to prosecute.

Accordingly,

**IT IS ORDERED** that Defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 41(b) is **GRANTED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: September 13, 2016

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, September 13, 2016, by electronic and/or U.S. First Class mail.

s/ Richard Loury
Case Manager
